**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| ABIGAIL WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **3:13-CV-00058-GCM** |
| ) | |
| GASTON COUNTY and JIM N. PUTMAN, III, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CONSENT PROTECTIVE ORDER**

This case is before this Court for entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and LCvR 6.1(I) (Doc. No. 24). Because of the nature of some of the factual issues involved in this case, the parties anticipate that the discovery in this case may include production and disclosures by the parties and by third parties of information that may be confidential or proprietary, including, without limitation, financial information, medical records, personnel information, and employment records. Accordingly, this Court believes that entry of this Consent Protective Order is in the interest of all parties and in the interest of the fair and efficient administration of justice. Therefore, until further order of this Court, it hereby is ordered that the parties shall follow the procedures set forth below with respect to information, documents, testimony, or tangible things produced or otherwise disclosed in this litigation:

1. "CONFIDENTIAL Information" shall mean any information, documents, testimony, or tangible things ("Information") furnished in the course of this litigation regarded by a party as confidential and/or private information, including proprietary data, trade secrets, other valuable or commercially sensitive information, confidential and private information concerning parties,

witnesses, and persons not party to this action, and/or sensitive or otherwise confidential information designated as "CONFIDENTIAL" pursuant to the procedures set forth below. The term may include Information obtained by any party from a third party via subpoena, deposition, or other discovery. The term "documents" shall be broadly construed to include information that is recorded in any form, including but not limited to hard copy, electronically stored information, and audio and video recordings.

    2.    "CONFIDENTIAL" designations shall be made as follows:

    a.    Information shall be designated CONFIDENTIAL within the meaning of this Protective Order in the following ways:

    i.    In the case of documents or tangible things, including the information contained therein, that are produced by any party, designation shall be made by placing on each page of the document or each tangible thing the legend or stamp CONFIDENTIAL.

    ii.    In the case of documents or tangible things, including the information contained therein, that are obtained by subpoena or other discovery from third parties, the documents or tangible things automatically shall be deemed CONFIDENTIAL Information upon receipt, and the receiving party shall furnish copies thereof to all parties within fifteen business days. All parties then shall have ten calendar days after receipt within which to formally designate any documents or tangible things as CONFIDENTIAL Information. If no party designates any such document or tangible thing as CONFIDENTIAL within said ten-day period, then the CONFIDENTIAL designation will terminate.

    iii.    In the case of responses to interrogatories and requests for admission, including the information contained therein, designation shall be made by placing on the pages containing the CONFIDENTIAL Information the legend CONFIDENTIAL.

iv. In the case of deposition testimony, counsel may designate, on the record, those portions of a deposition that counsel believes contain CONFIDENTIAL Information. If designation of CONFIDENTIAL Information is made, those portions of said depositions involving such CONFIDENTIAL Information will be taken with no one present except those persons who are authorized to have access to such CONFIDENTIAL Information in accordance with this Protective Order. A witness whose deposition is being taken may see any document identified as CONFIDENTIAL if the witness is within the category of persons entitled to see this type of information, pursuant to the provisions described below in subsections 3(a) and (b). Any party shall have 30 days after the receipt of the deposition transcript to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL. Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made within the 30-day period. Prior to such designation or the expiration of the 30-day period, the entire deposition transcript shall be deemed CONFIDENTIAL Information.

b. The parties agree to designate Information as CONFIDENTIAL on a good-faith basis and not for purposes of harassing the other parties or for purposes of unnecessarily restricting the other parties' access to information concerning the lawsuit.

c. Except as permitted by further order of the court, or by subsequent written agreement of the parties, such designated Information shall be received by counsel of record upon the terms and conditions of this Protective Order.

3. The following restrictions apply to Information designated as CONFIDENTIAL:

a. Disclosure of Information designated CONFIDENTIAL, including summaries thereof, shall be limited to the Court; court reporters and videographers of sworn proceedings; the parties' counsel of record and the employees of such counsel who are assisting

with this matter; Defendant Gaston County's internal counsel, directors, and managers; Plaintiff, provided that Plaintiff's counsel must retain physical custody of the CONFIDENTIAL Information disclosed to Plaintiff, including any copies thereof; and to the following persons, who shall be required first to execute a written declaration, in the form attached hereto as Exhibit A: (i) consultants or experts retained by the parties to consult or testify in the case, but only to the extent the information is necessary for the consultation work or to prepare to testify; (ii) services retained by counsel to photocopy or image documents or to prepare charts, summaries, timelines, illustration, or other demonstrative materials to be used in the litigation; and (iii) witnesses and prospective witnesses to the extent deemed necessary by counsel to prepare for or give testimony regarding facts at issue in this litigation, or to assist counsel in performing work in this litigation, but as to this category (iii), counsel must retain physical custody of the CONFIDENTIAL Information unless consent to release it is given by the party that designated it CONFIDENTIAL. The originals of all signed declarations shall be maintained by the party who procures the signature throughout the duration of this litigation, including all appeals.

  b. All Information that is designated CONFIDENTIAL under this Protective Order shall be kept confidential and shall not be given, shown, made available, discussed or otherwise communicated in any manner ("disclosed"), either directly or indirectly, to any person not authorized to receive the Information under the terms of this Protective Order. CONFIDENTIAL Information received by any authorized person shall be used only for purposes of this litigation and for no other purpose.

  c. In no case shall Information designated CONFIDENTIAL be disclosed to any person or entity who is not involved in this litigation and who has a specific need to know or otherwise come into contact with such Information.

4. If, through inadvertence, a party produces any Confidential Information without designating it as CONFIDENTIAL, the party may, as soon as reasonably practical, inform the other parties of the intended CONFIDENTIAL designation, and all parties shall treat such Information as CONFIDENTIAL Information under this Protective Order. To the extent that any party already has disclosed this Information, that party promptly shall notify the designating party as to the specific recipients of such Information and shall take all reasonable steps to remove such Information from said recipients unless they otherwise are entitled to disclosure under this Order.

5. If any Information designated CONFIDENTIAL is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such Information.

6. No person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL Information for any purpose other than the prosecution or defense of this action, including any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Order.

7. Before filing with the Court any document (including, but not limited to, pleadings, briefs, memoranda, depositions, and exhibits) containing or consisting of Information that has been designated CONFIDENTIAL, counsel shall confer with counsel for the party that so designated the Information about how it should be filed. If the party that so designated the Information desires that the materials be filed under seal, then the filing party shall file the materials in accordance with the applicable civil and local rules, with notice served upon the designating party. Only those portions of the document containing or consisting of Information that has been designated CONFIDENTIAL

need be filed under seal, and the filing of the materials under seal shall not be binding on the Court. Within seven days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests that would be served by restricting public access to the Information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advance by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advance by the movant override any common law or constitutional right of public access which may attach to the documents or Information. Documents and Information submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the Information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

8. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion

need be filed under seal, and the filing of the materials under seal shall not be binding on the Court. Within seven days of service of such notice, the party desiring that the materials be maintained under seal shall file with the Court a Motion to Seal and supporting memorandum of law specifying the interests that would be served by restricting public access to the Information. The party that initially filed the materials need not file any such Motion to Seal or otherwise defend another party's desire that the materials remain sealed. The Court will grant the Motion to Seal only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advance by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advance by the movant override any common law or constitutional right of public access which may attach to the documents or Information. Documents and Information submitted under seal in accordance with this paragraph will remain under seal pending the Court's ruling. If the party desiring that the Information be maintained under seal does not timely file a Motion to Seal, then the materials will be deemed unsealed, without need for order of the Court.

8. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion

and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

9. The parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, and anyone else who has or had access to any material designated CONFIDENTIAL Information of the substance of this Order.

10. Acceptance or receipt by any party of any Information designated as CONFIDENTIAL, or with no designation, shall not constitute a concession that the Information is properly so designated or not designated. If any party disagrees with the designation of any such Information as CONFIDENTIAL, then the party first shall try to resolve such dispute on an informal basis through consultation with counsel. If agreement cannot be reached by counsel, then the party opposing the designation may present such dispute to the Court by motion, but all such designations shall be respected pursuant to the terms of this Order until the Court rules on the motion. In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality. Notwithstanding the designation or non-designation of any Information as CONFIDENTIAL, the parties reserve their right to seek relief regarding material that they believe was illegally obtained, including, but not limited to, the return of the material and/or damages for misappropriation or unauthorized use.

11. This Order shall be without prejudice to the right of any party to oppose production of any Information on grounds other than confidentiality.

12. This Order shall not prevent any party from applying to the Court for relief herefrom, from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify or vacate this Order, subject to the approval of the Court.

13. Within 30 days of the conclusion of this action, including any appeals, all Information designated as CONFIDENTIAL by a party pursuant to this Order, and all copies thereof, shall be destroyed by all other parties, except that counsel for each party is entitled to keep copies of pleadings and correspondence and any attachments or exhibits thereto, including CONFIDENTIAL Information, used in this litigation in a secure storage area subject to the terms of this Consent Order. Within 24 hours of destruction, a party shall confirm such destruction in writing to the designating party. The provisions of this Order insofar as they restrict the disclosure, communication of, and use of CONFIDENTIAL Information produced hereunder shall continue to be binding after the conclusion of this action.

14. Nothing in this Order shall prevent or limit a party who has designated any Information as CONFIDENTIAL from, in writing and without Court Order, releasing such Information.

15. Any party to this action may file a motion requesting that the Court sanction or hold in contempt of Court anyone who violates the terms of this Order.

16. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of litigation.

**SO ORDERED.**

Signed: December 3, 2013

Graham C. Mullen
United States District Judge

**WE CONSENT:**

**VAN KAMPEN LAW, PLLC**

By:   /s/ Joshua R. Van Kampen
      Joshua R. Van Kampen
      North Carolina State Bar No. 32168
      Email: josh@vankampenlaw.com
      Sean F. Herrmann
      North Carolina State Bar No. 44453
      Email: sean@vankampenlaw.com
      225 East Worthington Avenue
      Charlotte, North Carolina 28203
      Telephone: (704) 247-3245
      Facsimile: (704) 749-2638
      Attorneys for Plaintiff


**CRANFILL SUMNER & HARTZOG LLP**

By:   /s/ Paul H. Derrick
      Paul H. Derrick
      North Carolina State Bar No. 27366
      P.O. Box 27808
      Raleigh, North Carolina 27611-7808
      Telephone: (919) 828-5100
      Facsimile: (919) 828-2277
      Email: pderrick@cshlaw.com
      Attorneys for Defendant Gaston County


**STOTT, HOLLOWELL, PALMER & WINDHAM, LLP**

By:   /s/ Martha Raymond Thompson
      Martha Raymond Thompson
      North Carolina State Bar No. 16020
      P.O. 995
      Gastonia, North Carolina 28053-0995
      Telephone: (704) 864-3425
      Facsimile: (704) 864-0478
      Email: mthompson@shpw.com
      Attorneys for Defendant Gaston County

**CLAWSON AND STAUBES, PLLC**

By:   /s/ Andrew J. Santaniello
       Andrew J. Santaniello
       North Carolina State Bar No. 23532
       Email: asantaniello@clawsonandstaubes.com
       756 Tyvola Road, Suite 130
       Charlotte, North Carolina 28217
       Telephone: (704) 940-9128
       Facsimile: (704) 522-9033
       Attorneys for Defendant Putman

EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ABIGAIL WILSON, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   C.A. No. 3:13-cv-00058-GCM |
| GASTON COUNTY and JIM N. PUTMAN, III, | ) ) ) |
|     Defendants. | ) ) |

## **DECLARATION**

    1.    My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

    2.    I live at: _____.

    3.    I am employed as (state position): _____.

    4.    The full name and address of my employer is: _____
_____
_____

    5.    I am aware that a Consent Protective Order has been entered in the above-captioned case. A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

    6.    I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

7. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL except as allowed by Protective Order.

8. I agree to use any Information designated CONFIDENTIAL solely in connection with participation in this action and for no other purpose.

9. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

10. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing declaration is true and correct.

Executed this _____ day of _____, 20___.

_____
Signature

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ABIGAIL WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 3:13-cv-00058-GCM |
| | ) |
| GASTON COUNTY and JIM N. PUTMAN, III, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **DECLARATION**

1. My name is _____. I have personal knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I would testify competently to those facts.

2. This statement is submitted in support of my request for access to materials under the Consent Protective Order in this action.

3. I have been retained by _____, a party to this action, as a consultant or expert witness. My title is _____, and my employer is _____.

4. My professional relationship with the party for whom I am retained in this proceeding and its personnel is strictly as a consultant on issues relevant to this proceeding. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with a party in this action or with any other firm that might gain a competitive advantage from access to the material disclosed under the Consent Protective Order:

_____

_____

5. I have attached the following information:

A. a current resume describing my education and employment history to date;

B. a list of all clients for whom I have performed work within the two years prior to the date of this statement and a brief description of the work performed;

C. a description of any work that my employer has performed for any party to this proceeding within the two years prior to the date of this statement; and

D. a description of the financial interests that I, my spouse, and/or my immediate family has in any entity that is an interested party in this proceeding or whose Confidential Information will be reviewed.

6. I am aware that a Consent Protective Order has been entered in the above-captioned case. A copy of that Protective Order has been given to me. I have carefully reviewed its terms and conditions.

7. I agree that documents, information, testimony, and tangible things ("Information") designated as CONFIDENTIAL shall be subject to the terms of the Protective Order and agree to comply with and be bound by the terms of the Protective Order.

8. Without limiting the foregoing, I agree that I will not disclose or discuss any Information designated CONFIDENTIAL except as allowed by Protective Order.

9. I agree to use any Information designated CONFIDENTIAL solely in connection with participation in this action and for no other purpose.

10. I am aware that contempt sanctions may be entered against me for violation of the Protective Order.

11. I agree to waive any objections to the exercise of personal jurisdiction over me by the Court.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing declaration is true and correct.

Executed this ____ day of _____, 20___.

_____
Signature