# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13-CV-58-GCM

| | |
|---|---|
| ABIGAIL WILSON, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER**<br>) |
| GASTON COUNTY and JIM PUTMAN, III, | )<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel Discovery (Doc. No. 33), Defendant's Response in Opposition (Doc. No. 36), and Plaintiff's Reply (Doc. No. 37). The Court previously entered a Consent Protective Order on December 3, 2013 (Doc. No. 25) and a Text-Only Order setting a discovery deadline of July 31, 2014. Pursuant to these orders, and for good cause shown, Plaintiff's Motion is **GRANTED** in part and **DENIED** in part.

Plaintiff filed this action in the Superior Court of Gaston County on January 10, 2013, alleging battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent retention and supervision, and violations of the Family Medical Leave Act against Defendant Gaston County (hereinafter "Defendant"). Defendant removed to federal court on January 31, 2013. On May 6, 2013, the negligent infliction of emotional distress claim was dismissed. On July 3, 3013, Plaintiff served Defendant County with her First Set of Interrogatories, Requests for Production of Documents, and Request to Admit. On October 7, 2013, Defendant produced limited responses. On January 29, 2014, Plaintiff filed an amended complaint adding claims for violations of the Title VII of the Civil Rights Act and the Americans

with Disabilities Act. On April 18, 2014, Plaintiff filed a Motion to Compel Discovery, asking the Court to order Defendant to fully respond to interrogatories 4, 6, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, and 19 and requests for production 2, 3, 4, 5, 6, 8, 15, 17, 18, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 34, and 39, and pay reasonable attorney's fees associated with the motion. On April 29, 2014, Defendant supplemented its responses, but withheld a significant amount of requested information.

The events giving rise to Plaintiff's claims occurred during the course of her employment with the EMS Department. Therefore, to the extent that Plaintiff requests information regarding job actions and investigations into sexual harassment, hostile work environments, and gender discrimination within the EMS Department, the Court finds that these records are relevant to these proceedings. However, to the extent that Plaintiff requests information regarding job actions and investigations into sexual harassment, hostile work environments, and gender discrimination outside of the EMS Department, the Court finds that these records are not relevant to Plaintiff's claims. The Court also finds Plaintiff's request that Defendant identify all job actions relating to female employees of the EMS Department during the tenures of Chief Lamphier or Assistant Chief Jeff Waldrep to be overly broad. Likewise, Plaintiff's request that Defendant provide all documents relating to job actions issued by or at the direction of any individuals who issued a job action to Plaintiff is overly broad.

Pursuant to N.C. GEN. STAT. § 153A-98(c) and the Consent Protective Order, the Court finds that the personnel, employee relations, and human resources files for Adrienne Hill, Defendant Putman, Mr. Lamphiear, Jeff Waldrep, Jamie McConnell, and Travis Adams are relevant to these proceedings. In addition, the personnel files of individuals who filed complaints against Defendant County or Defendant Putman alleging sexual harassment, inappropriate

conduct toward a female, or retaliation within the EMS Department are relevant. However, the Court finds Plaintiff's request for the personnel, employee relations, and human resources files of any paramedics who served on Plaintiff's shifts and any decision makers in job actions issued to Plaintiff to be overly broad.

Similarly, the Court finds Plaintiff's requests for information regarding complaints by females alleging misconduct by Defendant Putman and Defendant County relevant to these proceedings. Plaintiff's request that Defendant identify females who merely threatened to make such complaints, on the other hand, is overly broad.

Finally, the Court finds that the temporal scope outlined by Plaintiff encompassing the period from January 1, 2009 to the present is reasonable.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **GRANTED** insofar as:

1. Defendant is ordered to fully respond to Plaintiff's interrogatories numbers 8, 12, 13, 14, 16, and 17, and requests for production numbers 4, 5, 6, 8, 15, 17, 18, 20, 23, 24, 25, 29, and 39.[1]

2. Defendant is ordered to respond to interrogatories numbers 9 and 10 by identifying females who actually reported, made, or filed complaints. Defendant is not required to identify females who "threatened to make or file" complaints.

3. Defendant is ordered to respond to interrogatories numbers 18 and 19 and

---

[1] Defendant objects to interrogatories numbers 10, 12, and 19, and requests for production numbers 18, 26, 28, and 30, alleging the information is protected by N.C. GEN. STAT. § 15C-1 and "other victim protection statutes." Plaintiff's requests seek the identities of female employees who made sexual harassment complaints, investigations conducted with respect to those complaints, job actions issued to complainants, and personnel files of complainants. The statute Defendant cites, the Address Confidentiality Program, allows victims of domestic violence, sexual assault, stalking, and human trafficking to receive mail at a substitute address chosen by the Attorney General's Office. The program requires state and local agencies to use victims' substitute addresses in order to prevent abusers from discovering their victims' whereabouts. Defendant does not explain the nature of the information it believes is protected under § 15C or state whether any of its employees participate in the program. Finally, Defendant does not identify the "other victim protection statutes" it alleges disclosure would violate, leaving the Court unable to determine whether any such statute would apply.

requests for production numbers 26, 28, and 30 with respect to the EMS Department.

4. Defendant is ordered to respond to request for production number 2 by producing the personnel, employee relations, and human resources files for Plaintiff, Adrienne Hill, Defendant Putman, and Phil Parker. Defendant is not required to produce the personnel, employee relations, and human resources files for "any other paramedics who served on Plaintiff's shifts."

5. Defendant is ordered to respond to request for production number 3 by producing the personnel, employee relations, and human resources files for Mr. Lamphiear, Jeff Waldrep, Jamie McConnell, and Travis Adams. Defendant is not required to produce the personnel, employee relations, and human resources files for "any other decisionmakers in any job actions issued to Plaintiff."

6. Defendant is ordered to respond to request for production number 22 by producing any emails, text messages, correspondence, or other documents sent or received by Defendant Putman that discuss Plaintiff in any way, to the extent such materials are in Defendant's possession, custody, or control.

7. Defendant is ordered to respond to request for production number 34 in accordance with FED. R. CIV. P. 26(b)(5)(A)(ii). If Defendant wishes to object on the grounds that the request seeks attorney work product, information protected by attorney-client privilege, or the mental impressions of an attorney, Defendant must describe the nature of the withheld information as required by Rule 26.

8. Defendant's request that Plaintiff bear discovery costs is **DENIED**.

9. Defendant's request that the Court conduct an *in camera* inspection of personnel

records to determine the extent, if any, to which they must be produced by Defendant is **DENIED**.

Plaintiff's Motion is **DENIED** insofar as:

1. The Court will not compel Defendant to supplement its responses to interrogatories numbers 4 and 6.

2. The Court will not compel Defendant to supplement its responses to request for production number 27.

3. Plaintiff's request for attorney's fees associated with the Motion is **DENIED**.

**SO ORDERED**.

Signed: June 19, 2014

Graham C. Mullen
United States District Judge